UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMIR HADEED, MD, and JOHNSTOWN HEART AND VASCULAR CENTER, INC., | : Case No.: 3:15-cv-22 |
| Plaintiffs, | : |
| v. | : |
| ADVANCED VASCULAR RESOURCES OF JOHNSTOWN, LLC; AVR MANAGEMENT, LLC; WASHINGTON VASCULAR INSTITUTE, LLC; and MUBASHAR CHOUDRY, MD, | : |
| Defendants. | : |

**COMPLAINT**

NOW COME, the Plaintiffs, by and through Counsel, Spence, Custer, Saylor, Wolfe & Rose, LLC, and file this Complaint:

**PARTIES**

1. Plaintiff, Samir Hadeed, MD, is an adult individual with a business address of 1027 Broad Street, and is a licensed physician, practicing in the specialty of Cardiology.

2. Plaintiff, Johnstown Heart and Vascular Center, Inc., is a business owned by Dr. Hadeed, which is organized and existing under the laws of Pennsylvania, with an address of 101 Covington Road, Johnstown, Pennsylvania 15904.

3. Defendant, Advanced Vascular Resources of Johnstown, LLC, ("AVR-Johnstown"), is a business organized and existing under the laws of Delaware, with an address of 1700 Elton Road, Suite 200, Silver Spring, Maryland 20903.

4. Defendant, AVR Management, LLC, is a business with an address of 575 Route 73 North, Suite A-6, West Berlin, New Jersey 08091.

5. Defendant, Washington Vascular Institute, LLC, ("Washington Vascular"), is a business organized and existing under the laws of Maryland, with a principal office located at 1700 Elton Road, Suite 201, Silver Spring, Maryland 20903.

6. Defendant, Mubashar Choudry, MD, is an adult individual with an address of 11119 Rockville Pike, Suite 100, Rockville, Maryland 20852.  At all times relevant hereto, Defendant Choudry was a member of AVR-Johnstown and/or was involved with the management of AVR-Johnstown, AVR Management, LLC, and/or Washington Vascular.

## JURISDICTION AND VENUE

7. This action arises under the laws of Pennsylvania, and it involves diverse parties and an amount in controversy in excess of $75,000.00, and as such, is within the subject matter jurisdiction of this Honorable Court.

8. The transactions giving rise to this action occurred in Cambria County, Pennsylvania, such that personal jurisdiction and venue are proper in this Honorable Court.

## FACTUAL BACKGROUND

### *Contractual Arrangements*

9. This action arises from disputes relating to the operation of a medical practice located at 1027 Broad Street in Johnstown, Pennsylvania, where, generally, medical services are performed by the Plaintiffs and managerial functions are performed by the Defendants.

10. Plaintiffs had a lease for medical office space located at 1027 Broad Street in Johnstown.  (A copy of that Lease is attached hereto as "Exhibit A.")

11. In or around August 2013, Johnstown Heart entered into a sublease with AVR-Johnstown, through which Johnstown Heart rented to AVR-Johnstown the medical office space at 1027 Broad Street in Johnstown. (A copy of the Sublease is attached hereto as "Exhibit B.")

12. Pursuant to Section 2 of a National Management Services Agreement (dated November 8, 2013), AVR-Johnstown delegated its management responsibilities for the Broad Street office space to AVR Management, LLC. (A copy of that Agreement is attached hereto as "Exhibit C.")

13. At this same time, AVR-Johnstown was in a contractual relationship with Washington Vascular, relative to operation of the Broad Street facility. (Plaintiffs are not in possession of documentation relative to that relationship and believe that Defendants have possession of the same.)

14. In or around November 2013, Washington Vascular and Plaintiffs and entered into a Group Physician Agreement (dated December 6, 2013). A copy of that Group Physician Agreement is attached hereto as "Exhibit D."

15. Through the Group Physician Agreement, Plaintiffs agreed to perform various physician services at the Broad Street facility.

16. Washington Vascular, AVR Management, LLC, AVR-Johnstown and Defendant Choudry were all beneficiaries of Plaintiffs' work at the Broad Street facility, and in fact, Section 9.13 of the Group Physician Agreement expressly recited that AVR-Johnstown was a third party beneficiary of that Group Physician Agreement.

17. In November 2013, Plaintiffs became shareholders of AVR-Johnstown and invested approximately $36,000.00 in cash in AVR-Johnstown, amounting to an approximate 3% equity share of AVR-Johnstown.

18. The Parties agreed that Plaintiffs' physician services and the profitability of the Broad Street facility were to be credited as further investments from the Plaintiffs, such that Plaintiffs would ultimately receive a 55% share of AVR-Johnstown.

19. Additionally, pursuant to Exhibit B, Section (I)(A) of the Group Physician Agreement, Washington Vascular agreed to pay Plaintiffs an annual base fee of not less than $450,000.00, in addition to bonuses, for Plaintiffs' services at the Broad Street facility.

20. AVR-Johnstown was governed by an Operating Agreement (dated November 7, 2013).  A copy of that Operating Agreement is attached as "Exhibit E."

21. In or around November 2013, AVR-Johnstown, AVR Management, LLC and the Plaintiffs also entered into a Subscription Agreement.  (A copy of the Subscription Agreement is attached hereto as "Exhibit F.")

22. The aforementioned Agreements collectively vested the Defendants with responsibility for managing the day-to-day operations and affairs of the Broad Street facility, including, but not limited to, financial management, billing, supply/inventory management, relations with creditors and suppliers, maintenance and personnel.

23. At all times relevant hereto, Defendant Choudry was a member of AVR-Johnstown and was involved in the management and operations of the Defendant-entities.

*Mismanagement*

24. At all times relevant hereto, Plaintiffs diligently and competently performed all of their obligations relating to the Broad Street facility, including providing quality and cost-effective patient care, thereby enabling the enterprise to be profitable.

25. Upon information and belief, throughout 2014, Plaintiffs generated in excess of $1.5 million in revenues for the benefit of the Defendants.

26. Through various forms of mismanagement, the Defendants have caused the Broad Street facility to operative ineffectively, as more fully set forth herein.

27. This mismanagement has negatively impacted the credibility and reputation of the Plaintiffs as medical providers in the Johnstown area.

28. For instance, the Defendants failed to pay various creditors which Defendants were obligated to pay, including, but not limited to:

   a. Green Earth Mechanical (balance of $31,014.80 as of August 8, 2014);

   b. Houston Starr Company (balance in excess of $9,714.90 as of August 12, 2014);

   c. Johnstown Construction Services, LLC (balance of $31,501.00 as of November 11, 2014);

   d. Medtronic (balance of $40,167.80 as of November 28, 2014);

   e. Zog, Inc. (balance of $37,605.55 as of December 5, 2014);

   f. Wixpix (approximate $5,200.00 charge for television ad in or around August 2014);

   g. Boston Scientific;

   h. Cordis;

   i. Bard;

   j.  Terumo;

   k.  Merit;

   l.  EV3;

   m.  Cardinal;

   n.  Abbott.

29. As a result of Defendants' non-payment, these creditors have taken action against the Parties, including, filing lawsuits and/or notices of liens, and the Plaintiffs have incurred financial losses in paying some of these debts.

30. Additionally, numerous suppliers and/or vendors now refuse to do business with the Plaintiffs if the Defendants will be involved in the transaction.

31. Defendants have also failed to provide the medical supplies, equipment and inventory which were necessary for proper medical treatment of patients, requiring the Plaintiffs to manage these issues themselves and/or rendering the Plaintiffs unable to provide vital patient care.

32. This includes Defendants' failure to make payments to General Electric for radiology equipment, which ultimately required Plaintiffs to assume the lease on that equipment in order to continue providing services to patients.

33. The Defendants also failed to pay rents and utilities which were due under the Sublease, thereby requiring the Plaintiffs to make payments at their own expense in order to maintain the premises.

34. The Defendants also made numerous errors on patient billing, including failures to properly or timely bill insurance carriers and/or obtain approvals/contracts from insurance carriers, creating losses of revenue in excess of $300,000.00.

35. Defendants have also mismanaged their financial assets, including, but not limited to, expenditures in excess of $21,000.00 for travel expenses and $40,000.00 for 4 computers.

36. The Defendants also failed to keep accurate financial records, and have presented the Plaintiffs with different and conflicting financial reports.  Moreover, upon information and belief, throughout 2014, the Defendants were using the investment and revenues generated from the Plaintiffs to fund other businesses with which Defendants were affiliated.

37. Defendants failed to pay the health insurance premiums for employees of the Broad Street facility, despite deducting the employees' share of the payment from the employees' paychecks.

38. Defendants also failed to pay their employees, on or after the pay period ending December 5, 2014.

39. The Defendants' conduct resulted in poor office morale amongst many employees at the Broad Street facility, which negatively impacted productivity and their sense of job security.

40. Defendants have also unilaterally altered the Plaintiffs' compensation.  For instance, while he had been receiving bi-monthly payments, Plaintiffs began to receive biweekly pay in June 2014.

41. Additionally, between the pay period ending November 28, 2014 and the present, the Plaintiffs have not been paid any of the base salary set forth in the Group Physician Agreement.

42. Prior to November 28, 2014, there were at least four instances in which Plaintiffs were not paid their base salary on time, and Plaintiffs contacted the AVR-Johnstown CEO to inquire about payment.

43. Negotiations between the parties for the resolution of these issues have been ineffective.

## COUNT 1

**SAMIR HADEED, MD, and JOHNSTOWN HEART & VASCULAR CENTER, INC.**

**v.**

**ADVANCED VASCULAR RESOURCES OF JOHNSTOWN, LLC, AVR MANAGEMENT, LLC, WASHINGTON VASCULAR INSTITUTE, LLC, and MUBASHAR CHOUDRY, MD**

**Breach of Contract – Mismanagement**

44. Plaintiffs hereby incorporate by reference all preceding paragraphs as if more fully set forth herein.

45. Pursuant to the Agreements referenced herein, Defendants were required to effectively manage the affairs of the medical practice located at 1027 Broad Street in Johnstown.

46. Defendants have breached that obligation through the many instances of mismanagement set forth herein.

47. As a result of that breach, the Plaintiffs have suffered damages, including lost profits and revenues, diminutions in ownership value and attorney's fees and costs.

WHEREFORE, Plaintiffs demand judgment and damages in an amount in excess of the limits of compulsory arbitration.  **JURY TRIAL DEMANDED.**

## COUNT 2

### SAMIR HADEED, MD, and JOHNSTOWN HEART & VASCULAR CENTER, INC.

### v.

### ADVANCED VASCULAR RESOURCES OF JOHNSTOWN, LLC, AVR MANAGEMENT, LLC, WASHINGTON VASCULAR INSTITUTE, LLC, and MUBASHAR CHOUDRY, MD

### Accounting

48.     Plaintiffs hereby incorporate by reference all preceding paragraphs as if more fully set forth herein.

49.     As more fully set forth herein, the Defendants have failed to keep accurate and adequate records as to the financial performance of the Broad Street facility, which is managed by the Defendants, including, but not limited to, presenting multiple and differing financial statements.

50.     This has resulted in the capital shares/interests and revenues of the parties being incomplete and/or inaccurate.

WHEREFORE, Plaintiffs respectfully request a full and accurate accounting relative to the financial affairs of the Broad Street facility.  **JURY TRIAL DEMANDED.**

## COUNT 3

### SAMIR HADEED, MD, and JOHNSTOWN HEART & VASCULAR CENTER, INC.

### v.

### ADVANCED VASCULAR RESOURCES OF JOHNSTOWN, LLC, AVR MANAGEMENT, LLC, WASHINGTON VASCULAR INSTITUTE, LLC, and MUBASHAR CHOUDRY, MD

### Dissolution/Partition

51.     Plaintiffs hereby incorporate by reference all preceding paragraphs as if more fully set forth herein.

52. Due to the mismanagement and disagreements described herein, it has become not reasonably practical for the business and affairs of AVR-Johnstown to continue.

53. Plaintiffs seek the dissolution of Advanced Vascular Resources of Johnstown, LLC, and seek distribution of any and all assets to which they are entitled.

WHEREFORE, Plaintiffs respectfully request that the Court dissolve Advanced Vascular Resources of Johnstown, LLC, and distribute the assets thereof in accordance with the relevant contracts – including the Operating Agreement.  **JURY TRIAL DEMANDED.**

## COUNT 4

## SAMIR HADEED, MD, and JOHNSTOWN HEART & VASCULAR CENTER, INC.

## v.

## ADVANCED VASCULAR RESOURCES OF JOHNSTOWN, LLC, AVR MANAGEMENT, LLC, WASHINGTON VASCULAR INSTITUTE, LLC, and MUBASHAR CHOUDRY, MD

### Breach of Contract – Unpaid Wages

54. Plaintiffs hereby incorporate by reference all preceding paragraphs as if more fully set forth herein.

55. As more fully set forth herein, the Plaintiffs entered into a Group Physician Agreement with Washington Vascular Institute, LLC, whereby Plaintiffs agreed to perform physician services at the Broad Street facility in exchange for an annual base salary of at least $450,000.00.

56. Washington Vascular Institute failed to pay those wages for the pay periods ending after November 28, 2014, and continuing to the present.

57. AVR Management, LLC, Advanced Vascular Resources of Johnstown, LLC and Mubashar Choudry, MD, were third-party beneficiaries of that Group Physician Agreement.

58. To wit, these Defendants were involved in managing the operations of the Broad Street facility at which Plaintiffs performed their services and received benefits and revenues relating thereto.

59. Defendants further benefitted from Plaintiffs' services in the form of enhanced value of Advanced Vascular Resources of Johnstown, with which AVR Management, LLC, Washington Vascular Institute, LLC, and Mubashar Choudry, MD, were affiliated – as more fully set forth herein.

60. As a result of this breach, the Plaintiffs have suffered damages, including lost wages/revenues, attorney's fees and costs.

WHEREFORE, Plaintiffs demand judgment and damages in an amount in excess of the limits of compulsory arbitration.  **JURY TRIAL DEMANDED.**

## COUNT 5

**SAMIR HADEED, MD, and JOHNSTOWN HEART & VASCULAR CENTER, INC.**

**v.**

**ADVANCED VASCULAR RESOURCES OF JOHNSTOWN, LLC, AVR MANAGEMENT, LLC, WASHINGTON VASCULAR INSTITUTE, LLC, and MUBASHAR CHOUDRY, MD**

**Fraudulent Misrepresentation**

61. Plaintiffs hereby incorporate by reference all preceding paragraphs as if more fully set forth herein.

62. Upon information and belief, the Defendants made various fraudulent misrepresentations to the Plaintiffs for the purpose of encouraging the Plaintiffs to invest

in AVR-Johnstown and enter into the Group Physician Agreement. These representations included:

      a.    Representing that Plaintiffs would be paid in accordance with "Exhibit B" of the Group Physician Agreement;

      b.    Representing that AVR-Johnstown would carry on any and all business activities incidental to the vascular center at 1027 Broad Street (AVR-Johnstown Operation Agreement, Section 2.3);

      c.    Representing that the AVR-Johnstown Manager would not do any act which would make it impossible to carry on the ordinary business of the Company (AVR-Johnstown Operating Agreement, Section 4.1.7);

      d.    Representing that AVR-Johnstown would maintain accurate Company records relative to capital accounts (AVR-Johnstown Operating Agreement, Section 5.1);

      e.    Representing that AVR-Johnstown would keep complete and accurate books, records and financial statements of AVR-Johnstown and supporting documentation of transactions with respect to the conduct of AVR-Johnstown's business, and would provide financial statements to members (AVR-Johnstown Operating Agreement, Sections 9.2-9.3);

      f.    Representing that the arrangements take months to organize, that Defendants were trying their best to make the arrangements work to Plaintiffs' liking, and that Defendants' "sincerely believe" they can find a solution (Defendant Choudry e-mail of November 25, 2014);

      g.    Representing that AVR-Johnstown's CFO is a "very high caliber professional" and would not make any changes which have any hint of impropriety (Defendant Choudry e-mail of November 25, 2014);

      h.    Representing that AVR-Johnstown would investigate "any and every" expenditure which was questionable (Defendant Choudry e-mail of November 25, 2014);

      i.    Representing that creditors' invoices would be paid (as stated in Choudry e-mail of November 25, 2014 and Choudry communications on or about December 9, 2014);

      j.    Representing that the joint venture would be profitable for the Plaintiffs and would eliminate the need for Plaintiffs to handle the

management of the day-to-day affairs of his business, thereby enabling Plaintiffs to focus on providing patient care.

63. As a result of these representations, the Plaintiffs were induced into entering the agreements and arrangements set forth herein.

64. As a result of Defendants' fraudulent conduct, the Plaintiffs have suffered damages, including lost wages/revenues, attorney's fees and costs.

WHEREFORE, Plaintiffs demand judgment and damages in an amount in excess of the limits of compulsory arbitration.  **JURY TRIAL DEMANDED.**

Respectfully submitted,

SPENCE, CUSTER, SAYLOR, WOLFE & ROSE, LLC

/s/ Ronald P. Carnevali, Jr.
Ronald P. Carnevali, Jr., Esquire
Attorneys for Plaintiffs