# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA
# (JOHNSTOWN)

| | |
|---|---|
| AMIR HADEED, MD, and JOHNSTOWN HEART AND VASCULAR CENTER, INC., | : <br> : <br> : |
| Plaintiffs, | : <br> : Case No. 3:15-cv-00022-KRG |
| v. | : <br> : |
| ADVANCED VASCULAR RESOURCES OF JOHNSTOWN, LLC; AVR MANAGEMENT, LLC; WASHINGTON VASCULAR INSTITUTE, LLC; and MUBASHAR CHOUDRY, MD, | : <br> : <br> : <br> : <br> : <br> : |
| Defendants. | : |

## DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND COUNTER-CLAIMS TO PLAINTIFFS' COMPLAINT

And now, comes Defendants Advanced Vascular Resources of Johnstown, LLC; AVR Management, LLC; Washington Vascular Institute, LLC; and Mubashar Choudry, MD (collectively "Defendants") by and through their counsel, Blank Rome LLP stating as follows:

## ANSWER

1. Upon information and belief the averments in paragraph 1 are true and correct.

2. Upon information and belief the averments in paragraph 2 are true and correct.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

## JURISDICTION AND VENUE

7. The allegations contained in paragraph 7 contain conclusions of law and no response is required.

8. The allegations in paragraph 8 contain conclusions of law and no response is required.

## FACTUAL BACKGROUND

9. Admitted.

10. The allegations in paragraph 10 are denied as stated. The Lease attached as Exhibit A to the Complaint is a document in writing which speaks for itself.

11. The allegations in paragraph 11 are denied as stated. The Sublease attached as Exhibit B to the Complaint is a document in writing which speaks for itself.

12. The allegations in paragraph 12 are denied as stated. The Services Agreement attached as Exhibit C to the Complaint is a document in writing which speaks for itself.

13. Denied.

14. The allegations in paragraph 14 are denied as stated. The Group Physician Agreement attached as Exhibit D to the Complaint is a document in writing which speaks for itself.

15. The allegation in paragraph 15 is denied as stated. The Group Physician Agreement attached as Exhibit D to the Complaint is a document in writing which speaks for itself.

16. The allegations in paragraph 16 are denied as stated. The Group Physician Agreement attached as Exhibit D to the Complaint is a document in writing which speaks for itself. In addition, the allegations in paragraph 16 contain conclusions of law and no response is required.

17. Admitted.

18. The allegations in paragraph 18 are denied as stated. The Agreements entered into between the parties are documents in writing which speak for themselves.

19. The allegations in paragraph 19 are denied as stated. The Group Physician Agreement attached as Exhibit D to the Complaint is a document in writing which speaks for itself.

20. The allegation in paragraph 20 is denied as stated. The Operating Agreement is a document in writing which speaks for itself.

21. The allegation in paragraph 21 is denied as stated. The Subscription Agreement attached as Exhibit F to the Complaint is a document in writing which speaks for itself.

22. The allegations in paragraph 22 are denied as stated. The Agreements entered into between the Parties are documents in which speak for themselves.

23. Denied.

## **MISMANAGEMENT**

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Upon information and belief, the allegations in paragraph 30 are denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Admitted. By way of further response, the base salary payments were not paid due to Plaintiffs' breach of the Group Physician Agreement and Plaintiffs' breach of the implied covenant of good faith and fair dealing.

42. Upon information and belief the allegations in paragraph 42 are denied.

43. Admitted.

## COUNT 1

## BREACH OF CONTRACT - MISMANAGEMENT

44. Defendants incorporate by reference all preceding paragraphs as if set forth fully herein.

45. The allegations contained in paragraph 45 are denied as stated. The Agreements entered into between the parties are documents in writing which speak for themselves.

46. The allegations contained in paragraph 46 contain conclusions of law and no response is required.

47. The allegations contained in paragraph 47 contain conclusions of law and no response is required.

The allegations in the Wherefore Clause contain conclusions of law and no response is required. To the extent a response is deemed to be required, they are denied.

## COUNT 2

## ACCOUNTING

48. Defendants incorporate all preceding paragraphs as if set forth fully herein.

49. Denied.

50. Denied.

The allegations in the Wherefore Clause contain conclusions of law and no response is required. To the extent a response is deemed to be required, they are denied.

## COUNT 3

## DISSOLUTION/PARTITION

51. Defendants incorporate all preceding paragraphs as if set forth fully herein.

52. Denied.

53. It is admitted that Plaintiffs seek dissolution and distribution in their Complaint.

## COUNT 4

## BREACH OF CONTRACT - UNPAID WAGES

54. Defendants incorporate all preceding paragraphs as if set forth fully herein.

55. The allegations contained in paragraph 55 are denied as stated. The Group Physician Agreement attached as Exhibit D to the Complaint is a document in writing which speaks for itself.

56. Denied.

57. The allegations contained in paragraph 57 contain conclusions of law and no response is required.

58. Denied.

59. Denied.

60. The allegations contained in paragraph 60 contain conclusions of law and no response

5

is required.

The allegations in the Wherefore Clause contain conclusions of law and no response is required. To the extent a response is deemed to be required, they are denied.

## COUNT 5

## FRAUDULENT MISREPRESENTATION

61. Defendants incorporate all preceding paragraphs as if set forth fully herein.

62. Denied.

63. The allegation in paragraph 63 contains a conclusion of law and no response is required.

64. The allegations in paragraph 64 contain conclusions of law and no response is required.

The allegations in the Wherefore Clause contain conclusions of law and no response is required. To the extent a response is deemed to be required, they are denied.

WHEREFORE, Defendants demand judgment in their favor dismissing, with prejudice, Plaintiffs' Complaint and awarding all of Defendants' costs and expenses of suit, including attorneys' fees, together with such other and further relief as the Court deems appropriate.

## AFFIRMATIVE DEFENSES

65. Defendants incorporate all preceding paragraphs as if set forth fully herein.

66. Plaintiffs' claims are barred because the Complaint, read in its entirety, fails to state a claim or cause of action against Defendants upon which relief may be granted.

67. Plaintiffs' claims, as set forth in the Complaint may be barred, either in whole or in part, by the doctrines of laches, estoppels, and/or waiver.

68. Plaintiffs' claims, as set forth in the Complaint may be barred, either in whole or in part, because Plaintiffs breached the Agreements entered between the parties.

6

69. Plaintiffs' claims as set forth in the Complaint may be barred, either in whole or in part, by Plaintiffs' failure to mitigate any purported damages.

70. Plaintiffs' claims as set forth in the Complaint may be barred, either in whole or in part, because Plaintiffs acted in bad faith.

71. Plaintiffs' claims as set forth in the Complaint may be barred, either in whole or in part, because Plaintiffs violated the duty of good faith and fair dealing.

72. Plaintiffs' claims as set forth in the Complaint may be barred, either in whole or in part, due to unclean hands.

73. Plaintiffs' claims as set forth in the Complaint may be barred, either in whole or in part, due to lack of specificity as to any purported breach by Defendants.

74. Plaintiffs' claims as set forth in the Complaint may be barred, either in whole or in part, due to lack of any specificity as to any alleged fraudulent inducement.

75. Plaintiffs' claims for attorneys' fees as set forth in the Complaint may be barred, because it lacks any basis in contract or law.

76. Plaintiffs' claims as set forth in the Complaint may be barred, either in whole or in part, due to lack of standing.

77. Plaintiffs' claims as set forth in the Complaint may be barred, either in whole or in part, due to lack of privity of contract.

78. Plaintiffs' claims as set forth in the Complaint may be barred, either in whole or in part, due to lack of any damages.

79. Plaintiffs' claims as set forth in the Complaint may be barred, either in whole or in part, because Plaintiffs are not contractually entitled to an accounting.

80. Plaintiffs' claims as set forth in the Complaint may be barred, either in whole or in part, because Plaintiffs never intended to abide by the terms of the Agreements entered between the parties, and they always intended to steal Defendants' business.

81. Plaintiffs' claims as set forth in the Complaint may be barred, either in whole or in part, because Plaintiffs failed to abide by contractual notice provisions.

82. Plaintiffs' claims are barred as set forth in the Complaint may be barred, either in whole or in part, because there was no breach of any duty or obligation owed by Defendants to Plaintiffs.

83. Plaintiffs' claims as set forth in the Complaint may be barred, either in whole or in part, because there is no causal nexus between breach of any purported duty or obligation owed by Defendants and any damages alleged by Plaintiffs.

84. Plaintiffs' claims as set forth in the Complaint may be barred, either in whole or in part, because no damages were caused by any alleged breach of any obligation owed by Defendants.

85. Plaintiffs' claims as set forth in the Complaint may be barred, either in whole or in part, because Plaintiffs breached the implied obligation of good faith and fair dealing in connection with obligations owed to Defendants.

86. Plaintiffs' claims as set forth in the Complaint may be barred, either in whole or in part, because Plaintiffs have engaged in wrongful and bad faith conduct and caused Defendants damages.

87. Pursuant to Paragraph 10(f) of the Services Agreement, attached as Exhibit C to the Complaint, the Services Agreement is governed by Delaware law.

88. Pursuant to Paragraph 9.1 of the Group Physicians Agreement attached as Exhibit D to the Complaint the Group Physicians Agreement is governed by Maryland law.

89. Pursuant to Paragraph 10.6 of the Operating Agreement attached as Exhibit E to the Complaint the Operating Agreement is governed by Delaware law.

90. Defendants reserve the right to amend the Affirmative defenses to raise additional affirmative defenses which may be disclosed during the investigation of this case through the discovery process.

WHEREFORE, Defendants demand judgment in their favor dismissing, with prejudice, the Plaintiffs' Complaint and awarding all of its costs and expenses of suit, including attorneys' fees, together with such other and further relief as the Court deems appropriate.

## DEFENDANTS' COUNTER-CLAIMS AGAINST PLAINTIFFS

91. Defendants incorporate their Answer and Affirmative Defenses to the Plaintiffs' Complaint as though set forth fully herein.

92. Defendant Dr. Choudry is a practicing cardiologist and decided to form vascular centers focused on treating vascular issues. In 2013 Defendant Dr. Mubashar Choudry formed AVR Management, LLC ("AVR").

93. Through this business endeavor, AVR opened vascular centers in New Jersey, Georgia, and Maryland -- in addition to the vascular center at issue in Plaintiffs' Complaint located in Johnstown. These vascular centers are still in operation.

94. AVR's business model is proprietary and confidential. AVR developed the business model for vascular surgery including conducting it as out patient surgery, marketing, education and training.

900202.16000/100000978v.1

95. In 2013 AVR employees were tasked with finding locations for vascular centers and in finding surgeons to work in the centers. Through these efforts AVR employees located Dr. Hadeed and identified Johnstown as a new area to establish an AVR vascular center.

96. In furtherance of this business endeavor AVR entered into agreements with Plaintiffs, Dr. Hadeed and Johnstown Heart and Vascular Center, Inc.

97. In addition to performing vascular surgeries, AVR's vascular centers also provide seminars for vascular cause related issues as well as the implementation of programs in the community for preventative education.

98. For the AVR Vascular Center in Johnstown, AVR subleased additional space next to Dr. Hadeed's practice, Johnstown Heart and Vascular Center, Inc..

99. For the formation of the AVR vascular center in Johnstown, Plaintiffs invested $35,000.

100. Defendants made a substantial investment in the Johnstown vascular center by building out the office space including all aspects of what is involved in starting a surgical center. Architectural plans had to be developed and specifications including regulatory and safety requirements had to be met.

101. In addition to the substantial investment in the build out, AVR also purchased supplied and equipment for the center.

102. In forming the AVR vascular center in Johnstown, the parties entered into various agreements including a Sub-Lease Agreement, Group Physical Agreement and Operating Agreement. Each of these agreements is attached as an exhibit to Plaintiffs' Complaint.

103. It became immediately evident upon entering into the business arrangement that Plaintiffs had no intention of honoring the agreements they entered, and that their only intent was to steal Defendants' very lucrative business.

104. Upon discovering exactly how very lucrative the surgical center was, Plaintiffs decided that instead of investing in the vascular center and becoming a 55% owner over time as they contractually agreed to do, Plaintiffs were going to take over the vascular center and steal Defendants' business including the supplies and equipment purchased by Defendants.

105. Indeed, Plaintiffs had Defendants make the investment and build the business and then stole the business without paying for it in clear violation of the Agreements entered.

106. This scheme was carried out in part by Plaintiff Dr. Hadeed placing large orders for supplies in order to put AVR on credit hold. A vascular center needs only approximately $50,000 in supplies, but Dr. Hadeed ordered close to $500,000 in supplies – ten times what was needed. UPMC made payments for procedures performed on AVR patients and these payments have been wrongfully retained by Dr. Hadeed despite demands for AVR for these monies.

107. The wrongful retention by Dr. Hadeed of the payments made by UPMC have caused financial hardship to AVR.

108. Dr. Hadeed then used the credit hold issue as a reason to claim that AVR was purportedly mismanaging the vascular center and that he had needed to take it over. Dr. Hadeed took control of the very lucrative vascular center in violation of the parties' Agreements after AVR made the investment in the build out of the office space, provided the equipment, and spent ten times what should have been spent on supplies. This was an orchestrated scheme by Dr. Hadeed to take the center without paying for it.

109. Dr. Hadeed planned and orchestrated financial turmoil in order to make a claim that it was necessary that he take over the center. In doing so, Dr. Hadeed caused very significant and possibly insurmountable cash flow issues for AVR as a whole.

110. Plaintiffs, in violation of the Agreements and furtherance of Dr. Hadeed's scheme, Dr. Hadeed took control of the Johnstown vascular center and refused to allow AVR access to the center.

111. Upon information and belief, in furtherance of Dr. Hadeed's scheme to harm AVR he contacted other AVR partners to encourage them to take over the centers they were involved in order to further cripple AVR financially.

112. Plaintiffs, in direct violation of the Agreements entered between the parties, began performing surgical procedures on AVR's patients.

113. Plaintiffs' wrongful conduct has caused Defendants great harm including monetary damages in excess of one million dollars as well as irreparable harm.

## COUNT I – BREACH OF CONTRACT

114. Defendants incorporate paragraphs 1-113 of this Answer, Affirmative Defenses and Counter-Claims as if set forth fully herein.

115. Plaintiffs have breached paragraph 1 of the Sublease attached as Exhibit B to the Complaint by failing to provide AVR access to the Premises. Plaintiffs have further breached the Sublease by attempting to terminate the Sublease when no such right exists under the agreement. Pursuant to the Sublease, Plaintiffs owed Defendants an obligation and that obligation has been breached by Plaintiffs.

116. As a proximate result of Plaintiffs' breach, Defendants have been damaged in an amount presently valued in excess of over one million dollars.

117. Pursuant to Paragraph 15 of the Sublease, AVR is also entitled to recover its legal costs incurred as a result of the Plaintiffs' substantial and material breaches of the Sublease.

118. Plaintiffs have breached the Group Physician Agreement attached as Exhibit D to the Complaint by violating the terms of the Agreement including but not limited to paragraphs 2.5, 3.1, 7.3, 7.5, 9.12. Pursuant to the Group Physician Agreement, Plaintiffs owed Defendants an obligation and that obligation has been breached by Plaintiffs.

119. By engaging in wrongful conduct including but not limited to restricting AVR's access to the Premises, retaining AVR's equipment and supplies, and performing surgeries in violation of the non-competition provisions of the Agreement, Plaintiffs are in breach of the Group Physician Agreement.

120. The non-competition agreement is enforceable. There was adequate consideration for the Agreement and it was ancillary to employment. The restraints are reasonably limited in geographic scope and time limitation. The restraints do not impose an undue hardship on Plaintiffs and do not violate the public interest. Violation of the non-competition agreement has caused and will continue to cause Defendants irreparable harm.

121. As a proximate result of Plaintiffs' breach, Defendants have been damaged in an amount presently valued in excess of over one million dollars.

WHEREFORE, Defendants demand judgment including injunctive relief in addition to damages in their favor and against Plaintiffs in an amount in excess of $75,000, plus all costs and reasonable expenses, including counsel fees and costs, incurred in proceeding with this action against Plaintiffs.

**COUNT II – TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS**

122. Defendants incorporate paragraphs 1-121 of this Answer, Affirmative Defenses and Counter-Claims as if set forth fully herein.

123. Due to Plaintiffs' breach of the Group Physician Agreement by performing vascular surgery on patients after taking over AVR's center in November of 2014 in violation of the parties' Agreements, Plaintiffs have engaged in tortious interference with Defendants' prospective contractual relations.

124. Defendants have a contractual or a prospective contractual relationship with the patients. Defendants have engaged in purposeful action intended to specifically harm the existing relation or to prevent the prospective relationship from occurring. This conduct is not privileged or justified and has caused Defendants damage. Defendants' damages are a direct result of Plaintiffs' wrongful conduct.

125. As a proximate result of Plaintiffs' breach, Defendants have been damaged in an amount presently valued in excess of over 75,000.

WHEREFORE, Defendants demand judgment including injunctive relief in addition to damages in their favor and against Plaintiffs in an amount in excess of $75,000, plus all costs and reasonable expenses, including counsel fees and costs, incurred in proceeding with this action against Plaintiffs.

**COUNT III -CONVERSION**

126. Defendants incorporate paragraphs 1-125 of this Answer, Affirmative Defenses and Counter-Claims as if set forth fully herein.

127. Plaintiffs' deprivation of Defendants' right to use and/or possession of the inventory including supplies and equipment have caused Defendants' harm. Plaintiffs' conduct is intentional and is without unlawful justification.

128. As a proximate result of Plaintiffs' breach, Defendants have been damaged in an amount presently valued in excess of over 75,000.

WHEREFORE, Defendants demand judgment in their favor and against Plaintiffs in an amount in excess of $75,000, plus all costs and reasonable expenses, including counsel fees and costs, incurred in proceeding with this action against Plaintiffs.

## COUNT IV –UNJUST ENRICHMENT

129. Defendants incorporate paragraphs 1-128 of this Answer, Affirmative Defenses and Counter-Claims as if set forth fully herein.

130. Due to Plaintiffs' wrongful conduct, benefits have been conferred on Plaintiffs by Defendants.

131. Plaintiffs have appreciated such benefits and have retained such benefits in circumstances where it would be inequitable for Plaintiffs to retain such benefits without payment of value to Defendants.

132. As a proximate result of Plaintiffs' wrongful conduct, Defendants have been damaged in an amount presently valued in excess of over 75,000.

WHEREFORE, Defendants demand judgment in their favor and against Plaintiffs in an amount in excess of $75,000, plus all costs and reasonable expenses, including counsel fees and costs, incurred in proceeding with this action against Plaintiffs.

## COUNT V –BREACH OF FIDUCIARY DUTY

133. Defendants incorporate paragraphs 1-132 of this Answer, Affirmative Defenses and Counter-Claims as if set forth fully herein.

134. As shareholders in AVR, Plaintiffs owed AVR a fiduciary duty. Plaintiffs negligently and/or intentionally failed to act in good faith and solely for the benefit of AVR. As a result, AVR has been harmed.

135. Through Plaintiffs' wrongful conduct, they have violated the fiduciary duty owed to AVR. Plaintiffs' failure to act solely for AVR's benefit brought about injuries to AVR.

136. As a proximate result of Plaintiffs' breach, Defendants have been damaged in an amount presently valued in excess of over one million dollars.

WHEREFORE, Defendants demand judgment in their favor and against Plaintiffs in an amount in excess of $75,000, plus all costs and reasonable expenses, including counsel fees and costs, incurred in proceeding with this action against Plaintiffs.

Defendants demand judgment against Plaintiffs as follows:

A. Awarding Defendants damages;

B. Awarding Defendants injunctive relief;

C. Awarding Defendants attorneys fees and costs in this action; and

D. Such other and further relief as the Court deems just and proper

900202.16000/100000978v.1

Respectfully Submitted,


By: /s/ *Jayme L. Butcher*
George M. Medved
PA. I.D. No. 28915
Jayme L. Butcher
Pa. I.D. No.  87568
Blank Rome L.L.P.
500 Grant Street
Suite 2900
Pittsburgh, PA  15219
(412) 515-1522
gmedved@blankrome.com
jbutcher@blankrome.com
*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of March, 2015 a true and correct copy of the foregoing Answer, Affirmative Defenses and Counter-Claims was served by operation of the Court's electronic filing system upon all counsel of record.

       /s/ Jayme L. Butcher
       Jayme L. Butcher

900202.16000/100000978v.1