# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMIR HADEED, MD, and JOHNSTOWN HEART AND VASCULAR CENTER, INC., | : Case No.: 3:15-cv-00022-KRG |
| Plaintiffs, | : |
| v. | : |
| ADVANCED VASCULAR RESOURCES OF JOHNSTOWN, LLC; AVR MANAGEMENT, LLC; WASHINGTON VASCULAR INSTITUTE, LLC; and MUBASHAR CHOUDRY, MD, | : |
| Defendants. | : |

## **ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANTS' COUNTERCLAIMS**

NOW COME, the Plaintiffs, by and through Counsel, Spence, Custer, Saylor, Wolfe & Rose, LLC, and file this Answer and Affirmative Defenses to Defendants' Counterclaims:

92. Denied. The Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the matters asserted and strict proof thereof, if relevant is demanded at trial.

93. Admitted.

94. Denied.

95. Denied.

96. Admitted.

97. Denied.

98. Admitted. The space was subleased by Johnstown Heart Vascular Center, Inc. to AVR pursuant a written sublease contract.

99. Denied. The Plaintiff invested $36,000.00.

100. Denied. Defendants made modifications costing approximately $240,000.00 and failed to timely pay contractors who threatened the filing of mechanics liens which would have constituted a breach of Dr. Hadeed's lease with the property owner.

101. Admitted.

102. Admitted.

103. Denied.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

111. Denied.

112. Denied.

113. Denied.

WHEREFORE, Plaintiffs seek judgment in their favor and against the Defendants set forth in Plaintiffs' Complaint.

## **COUNT I – BREACH OF CONTRACT**

114. Denied.

115. Denied.

116. Denied.

117. Denied.

118. Denied.

119. Denied.

120. Denied.

121. Denied.

WHEREFORE, Plaintiffs seek judgment in their favor and against the Defendants set forth in Plaintiffs' Complaint.

## **COUNT II – TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS**

122. Denied.

123. Denied.

124. Denied.

125. Denied.

WHEREFORE, Plaintiffs seek judgment in their favor and against the Defendants set forth in Plaintiffs' Complaint.

## **COUNT III - CONVERSION**

126. Denied.

127. Denied.

128. Denied.

WHEREFORE, Plaintiffs seek judgment in their favor and against the Defendants set forth in Plaintiffs' Complaint.

## **COUNT IV – UNJUST ENRICHMENT**

129. Denied.

130. Denied.

131. Denied.

132. Denied.

WHEREFORE, Plaintiffs seek judgment in their favor and against the Defendants set forth in Plaintiffs' Complaint.

## **COUNT V – BREACH OF FIDUCIARY DUTY**

133. Denied.

134. Denied.

135. Denied.

136. Denied.

WHEREFORE, Plaintiffs seek judgment in their favor and against the Defendants set forth in Plaintiffs' Complaint.

## **AFFIRMATIVE DEFENSES**

### **FIRST AFFIRMATIVE DEFENSE**

137. As a result of the Defendants' mismanagement of the Vascular Center in Johnstown, and its many material breaches of the Agreements, Plaintiffs are and were excused from performance under the Contracts.

### **SECOND AFFIRMATIVE DEFENSE**

138. The Defendants' failure to remit amounts due and owing to contractors Defendants engaged for purposes of the build-out was a material breach of the Agreements between the parties.

### THIRD AFFIRMATIVE DEFENSE

139. The Defendants' failure to pay rent timely and to reimburse utilities as required by the sub-lease was a material breach of the sublease agreement.

### FOURTH AFFIRMATIVE DEFENSE

140. The Defendants' failure to properly pay wages due and owing to the employees of AVR was a material breach of the Agreements.

### FIFITH AFFIRMATIVE DEFENSE

141. AVR's failure to purchase and provide supplies necessary for the operation of the Vascular Clinic in Johnstown was a material breach of the Agreements.

### SIXTH AFFIRMATIVE DEFENSE

142. AVR's failure to make a single payment on equipment leased from General Electric Company through GE Capital was a material breach of the Agreements.

### SEVENTH AFFIRMATIVE DEFENSE

143. The Defendants misappropriated profits in excess of One Million Dollars ($1,000,000.00) generated by the operation of AVR.

### EIGHTH AFFIRMATIVE DEFENSE

144. The Defendants failed to enroll AVR in the UPMC Health Plan such that services rendered to AVR patients insured by UPMC went unreimbursed.

## NINTH AFFIRMATIVE DEFENSE

145. The Defendants' acceptance of investment in AVR from third parties coupled with the Defendants' failure to provide equity positions to those third parties as agreed constitutes a material breach of the Agreements.

## TENTH AFFIRMATIVE DEFENSE

146. Plaintiffs believe and therefore aver that the Defendants' mismanagement of AVR was typical of their mismanagement of vascular centers located in Atlanta, Georgia and Hagerstown, Maryland and that the Defendants have a pattern of conduct demonstrating mismanagement and fiscal irresponsibility with respect to their obligation to provide professional management services to each of the vascular centers.

## ELEVENTH AFFIRMATIVE DEFENSE

147. The claims of the Defendants are barred by the Unclean Hands Doctrine.

## TWELFTH AFFIRMATIVE DEFENSE

148. The Defendants' Counterclaims are barred by the Doctrine of Accord and Satisfaction.

Respectfully submitted,

SPENCE, CUSTER, SAYLOR, WOLFE & ROSE, LLC

/s/ Ronald P. Carnevali, Jr.
Ronald P. Carnevali, Jr., Esquire
*Attorneys for Plaintiffs, Samir Hadeed, MD, and Johnstown Heart and Vascular Center, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the **ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANTS' COUNTERCLAIMS** was served by electronic filing on the ECF filing system, this 2nd day of April, 2015.

Jayme L. Butcher, Esquire
Blank Rome LLP
500 Grant Street, Suite 2900
Pittsburgh, Pennsylvania 15219

SPENCE, CUSTER, SAYLOR, WOLFE & ROSE, LLC

/s/ Ronald P. Carnevali, Jr.
Ronald P. Carnevali, Jr., Esquire
*Attorneys for Plaintiffs, Samir Hadeed, MD, and Johnstown Heart and Vascular Center, Inc.*