IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SAMIR HADEED, MD, and JOHNSTOWN HEART AND VASCULAR CENTER, INC., | ) ) ) ) ) | Case No. 3:15-cv-22 |
| Plaintiffs, | ) ) ) | JUDGE KIM R. GIBSON |
| v. | ) ) | |
| ADVANCED VASCULAR RESOURCES OF JOHNSTOWN, LLC; AVR MANAGEMENT, LLC; and WASHINGTON VASCULAR INSTITUTE, LLC, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

I. Introduction

Pending before the Court is the Motion to Refer Case to Bankruptcy Court (ECF No. 84) filed by Attorney Robert O. Lampl on behalf of Advanced Vascular Resources of Johnstown, LLC ("AVR-Johnstown"). For the reasons that follow, AVR-Johnstown's Motion (ECF No. 84) is GRANTED.

II. Relevant Procedural and Factual Background[1]

This case arises from disputes over the operation of a vascular services center located in Johnstown, Pennsylvania. In short, Plaintiffs, who already operated a heart and vascular center

---

[1] For a fuller procedural and factual history of this case, see the Court's Memorandum Opinion regarding Plaintiffs' Motion for Summary Judgment (ECF No. 40) and Defendants' Motion for Judgment on the Pleadings and Motion for Summary Judgment on Plaintiffs' Complaint (ECF No. 44). *See Hadeed v. Advanced Vascular Resources of Johnstown, LLC*, Case No. 3:15-cv-22, 2017 WL 4998663 (W.D. Pa. Oct. 30, 2017); ECF No. 78.

in Johnstown, entered into a series of contracts with Defendants by which Plaintiffs would operate the "medical side" of the vascular services center and Defendants would manage the "business side" of the center. The present case ensued because Plaintiffs and Defendants argue that the opposing parties in this dispute failed to comply with the duties imposed by these contracts.

On October 20, 2017, this Court issued a Memorandum Opinion and Order (ECF No. 78) partially granting and partially denying both the Motion for Summary Judgment filed by Plaintiffs (ECF No. 40) and the Motion for Judgment on the Pleadings and Motion for Summary Judgment on Plaintiffs' Complaint filed by Defendants (ECF No. 44). *See Hadeed v. Advanced Vascular Resources of Johnstown, LLC*, Case No. 3:15-cv-22, 2017 WL 4998663 (W.D. Pa. Oct. 30, 2017).

Following the Court's disposition of these motions, the claims and counterclaims in this case proceeded as follows:

> "[I]n regard to the Complaint, Count 1 remains as a claim brought by only JHVC [i.e., Johnstown Heart and Vascular Center, Inc.] against only AVR-Management and only as to breach(es) of the Operating Agreement regarding mismanagement;[2] Count 2 remains as a remedy dependent on Count 1; Count 3 is dismissed in its entirety for lack of jurisdiction; Count 4 remains as a claim brought by only JHVC against only WVI [i.e., Washington Vascular Institute, LLC];[3] and Count 5 was withdrawn by Plaintiffs and is dismissed in its entirety.
>
> In regard to the counterclaims of the Answer, Count I remains as a counterclaim under the Sublease and the GPA by AVR-Johnstown, AVR-Management, and WVI against JHVC; Count II was withdrawn and is dismissed in its entirety; Count III was withdrawn and is dismissed in its entirety; Count IV remains as a counterclaim for unjust enrichment by AVR-Johnstown, AVR-Management, and

---

[2] Additionally, Plaintiffs' request for attorneys' fees as to Count 1 was dismissed.
[3] Additionally, Plaintiffs' request for attorneys' fees as to Count 4 was dismissed.

> WVI against JHVC and Hadeed; and Count V is dismissed in its entirety due to the elimination of fiduciary duties by the Operating Agreement.

*Id.* at *31; ECF No. 78 at 61-62. Most relevant for the purposes of AVR-Johnstown's pending Motion to Refer Case to Bankruptcy Court (ECF No. 84), after the disposition of these motions, AVR-Johnstown's only remaining role in this case is as a Counter-Plaintiff bringing the counterclaims included in Count I and Count IV of the Answer. *See Hadeed*, 2017 WL 4998663, at *31; ECF No. 78 at 61-62.

On November 22, 2017, AVR-Johnstown, through new counsel,[4] filed the present Motion to Refer Case to Bankruptcy Court (ECF No. 84).

## III. Discussion

Bankruptcy courts are courts of limited jurisdiction, as defined by 28 U.S.C. § 1334 and 28 U.S.C. § 157. Section 1334 provides that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 [the Bankruptcy Code], or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). More specifically, under Section 157(a), "[e]ach district court may provide that . . . any or all proceedings arising under title 11 [i.e., the Bankruptcy Code] or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for this district." 28 U.S.C. § 157(a) (emphasis added); *see In re Combustion Engineering, Inc.*, 391 F.3d 190, 225 (3d Cir. 2004) (quoting *Celotex Corp. v. Edwards*, 514 U.S. 300,

---

[4] The Court observes that also pending before this Court is the Motion to Withdraw as Counsel for Defendants (ECF No. 76) filed by Jayme L. Butcher, Esq., George M. Medved, Esq., and Blank Rome, LLP (collectively "Blank Rome"). At the time Blank Rome's Motion to Withdraw was filed, Blank Rome was the only counsel for all Defendants. (*See* ECF No. 79.) The Court issued a Memorandum Order on October 31, 2017, scheduling a hearing on Blank Rome's Motion to Withdraw and explaining the problems posed by a business entity proceeding without counsel. (*See id.*) On November 22, 2017, Robert O. Lampl and David L. Fuchs each filed a Notice of Appearance to act as counsel as to only AVR-Johnstown. (ECF Nos. 82-83.)

-3-

308 (1995)) ("Section 157(a) of the Bankruptcy Code permits district courts to refer most matters to a bankruptcy court," thereby allowing the bankruptcy courts to "deal efficiently and expeditiously with all matters connected with the bankruptcy estate."); *Safe Founds., Inc. v. Metal Founds. Acquisitions, LLC*, Civil Action No. 12-1177, 2012 WL 6651540, at *1-*2 (W.D. Pa. Dec. 20, 2012).

Pursuant to this authority, the judges of the United States District Court for the Western District of Pennsylvania adopted a standing Order of Reference of Bankruptcy Cases and Proceedings which provides that "any or all proceedings *arising under* Title 11 or *arising in* or *related to* a case under Title 11 . . . be and they hereby are referred to the Bankruptcy Judges of this district for consideration and resolution." *See* Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc, adopted Oct. 16, 1984, http://www.pawd.uscourts.gov/sites/pawd/files/general-ordes/bankruptcy_standing_order.pdf (emphasis added).

Therefore, under Section 157 and this Court's standing Order of Reference, the threshold issue raised by AVR-Johnstown's present motion is whether the bankruptcy court has jurisdiction within the meaning of the aforementioned statutes. By the clear terms of the foregoing jurisdiction statutes, the bankruptcy court's jurisdiction arises in three circumstances involving "any or all proceedings" (1) "arising under title 11," (2) "arising in" a case brought under Title 11, or (3) "related to" a case under Title 11." 28 U.S.C. §§ 157(a) and (b)(1).

The U.S. Court of Appeals for the Third Circuit has explained the jurisdictional scheme of these statutes as follows:

> [P]roceedings "arising under" title 11 or "arising in" title 11 cases are "core." *See, e.g., Barnett v. Stern*, 909 F.2d 973, 981 (7th Cir. 1990) ("[A] proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a

> proceeding that, by its nature, could arise only in the context of a bankruptcy case."). By contrast, proceedings which are "related to" a bankruptcy case are non-core. *See In Re Meyertech Corp.*, 831 F.2d 410, 416 (3d Cir. 1987); *In re Wood*, 825 F.2d 90, 96–97 (5th Cir. 1987) ("If the proceeding does not invoke a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy it is not a core proceeding; it may be related to the bankruptcy because of its potential effect, but under section 157(c)(1) it is an 'otherwise related' or non-core proceeding."); *In re Yobe*, 75 B.R. 873, 875 (Bankr. W.D. Pa. 1987) (drawing a distinction between "core" and "related" proceedings).

*Phar-Mor, Inc. v. Coopers & Lybrand*, 22 F.3d 1228, 1234-35 (3d Cir. 1994). In "non-core" proceedings, the bankruptcy judge may not enter judgment absent consent of the parties but, rather must submit findings of fact and conclusions of law for the district court's consideration and de novo review of any matter to which a party has objected. *Id.* at 1235; *see* 28 U.S.C. §§ 157(c)(1) and (2).

Because "non-core" or "related to" jurisdiction cases "sweeps with the broadest brush," *Safe Founds.*, 2012 WL 6651540, at *2, this Court need only decide whether the present case is "related to" the bankruptcy proceeding. *See In re Resorts Intern., Inc.*, 372 F.3d 154, 163 (3d Cir. 2004) (quoting *In re Marcus Hook Dev. Park, Inc.*, 943 F.2d 261, 266 (3d Cir. 1991)) ("[W]e need not resolve whether this is a 'core' proceeding for subject matter jurisdictional purposes because '[w]hether a particular proceeding is core represents a question wholly separate from that of subject-matter jurisdiction'"); *In re Reed*, 94 B.R. 48, 51 (E.D .Pa. 1988) ("Whether a proceeding is core or non-core affects the power of the bankruptcy judge to issue a final order or judgment . . . but not the ability to hear the proceeding."). The Bankruptcy Code does not define the term "related to," but the Third Circuit has held:

> [T]he test for determining whether a civil proceeding is related to bankruptcy is whether *the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy* . . . . Thus, the proceeding need not necessarily be

> against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.

*Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984), *overruled on other grounds by Things Remembered, Inc. v. Petrarca*, 516 U.S. 124 (1995) (emphasis in original; internal citations omitted); *see In re W.R. Grace & Co.*, 591 F.3d 164, 171 (3d Cir. 2009); *Lichtenfels v. ElectroMotive Diesel, Inc.*, Civil Action No. 09-1590, 2010 WL 653859, at *3 (W.D. Pa. Feb.22, 2010) (quoting *Halper v. Halper*, 64 F.3d 830, 837 (3d Cir. 1999)) ("The term, 'conceivable,' in the *Pacor* test is a key component to making a determination about jurisdiction . . . . 'Conceivable' does not simply mean that a proceeding will have a certain or likely impact upon a bankruptcy estate, but that 'it is possible that a proceeding may impact the debtor's rights, liabilities, options, or freedom of action, or the handling and administration of the bankrupt estate.'").

In the instant case, the remaining claims or counterclaims involving AVR-Johnstown are counterclaims for breaches of contract against Johnstown Heart and Vascular Center, Inc. ("JHVC") under the Sublease and the Group Physician Agreement under Count I of the Answer and a counterclaim for unjust enrichment against Dr. Samir Hadeed and JHVC under Count IV of the Answer. *See Hadeed*, 2017 WL 4998663, at *31; ECF No. 78 at 61-62. The Court now holds that the outcome of these counterclaims by AVR-Johnstown "could conceivably have any effect on the estate being administered in bankruptcy" because any potential damages or other remedies that could flow to AVR-Johnstown were it to succeed in its counterclaims would have some effect on the bankruptcy estate. *See Pacor*, 743 F.2d at 994. Thus, the Court concludes that the current action is intertwined with and "related to" AVR-Johnstown's pending bankruptcy

proceeding. *See Oxford Expositions, LLC v. Questex Media Group, LLC*, Civil Action No. 3:10cv00095, 2011 WL 1135354, at *2-*3 (N.D. Miss. Mar. 25, 2011) (granting a motion to refer under circumstances involving a counter-plaintiff with pending counterclaims).

Moreover, the factual issues and many of the legal issues underlying AVR-Johnstown's counterclaims and the other claims and counterclaims brought by the parties in the present litigation greatly, if not entirely, overlap. The factual circumstances surrounding AVR-Johnstown's counterclaims are identical to the counterclaims brought by the other remaining Defendants and significantly overlap with the facts underlying the remaining Plaintiff's claims. *See Hadeed*, 2017 WL 4998663, at *31; ECF No. 78 at 61-62. Consequently, the non-referral of the present case to the bankruptcy court would result in an inefficient use of judicial resources and the possibility of inconsistent decisions between the bankruptcy court and this Court on identical and inextricably overlapping issues. *See Oxford*, 2011 WL 1135354, at *2 ("Perhaps even more importantly, the possibility of inconsistent decisions between the bankruptcy court and this Court is certain to occur due to the inextricable overlapping of the issues between the two courts.").

Lastly, the Court declines to rule on the issue of whether any part of the present case is a "core" or "non-core" proceeding to AVR-Johnstown's bankruptcy case. The Court has already held that the bankruptcy court has subject matter jurisdiction over this case under 28 U.S.C. § 157(a). And, Section 157(b)(3) provides that:

> "The *bankruptcy judge shall* determine . . . whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to a case under title 11. A determination that a proceeding is not a core proceeding shall not be made solely on the basis that its resolution may be affected by State law.

28 U.S.C. § 157(b)(3) (emphasis added).

Thus, as the Court has already determined that this action "related to" AVR-Johnstown's Title 11 case, this case "shall" be referred to the bankruptcy court where the bankruptcy judge, under Section 157(b)(3), "shall" decide whether the proceedings are "core" or "non-core." *See Travellers Int'l AG v. Robinson*, 982 F.2d 96, 97–98 (3d Cir. 1992) (commenting approvingly on the district court's procedure of submitting "core"/"non-core" question to bankruptcy court for determination before the district court decided a motion to withdraw reference); *Safe Founds.*, 2012 WL 6651540, at *3 (referring the case to the bankruptcy court to determine whether the issue is "core" or "non-core" after holding that the bankruptcy court has subject matter jurisdiction); *In re Kara Homes, Inc. v. Zuhdi Karagjozi*, Civil Action No. 09-1775, 2009 WL 2223035, at *1 (D.N.J. July 22, 2009) (stating that "the bankruptcy judge, not the district court, determines whether a proceeding is core or non-core"); *K & B Capital, LLC v. Ogden*, No. Civ. A. 5:05-CV-72 R, 2005 WL 1799735, at *1 (W.D. Ky. July 26, 2005) (referring the case to the bankruptcy court for a determination of whether the case at bar constitutes a "core" or "non-core" proceeding); *In Re G.F. Corp.*, 127 B.R. 384, 390-91 (Bankr. N.D. Ohio 1991) (holding that the bankruptcy court may enter dispositive order on "core"/"non-core" issue); *In re 1733 Ridge Road East, Inc.*, 125 B.R. 722, 724-25 (W.D.N.Y. 1991) (holding it was for the bankruptcy court, and not the district court, to determine whether state law claims related to bankruptcy proceeding were "core" or "non-core"); *In re Michigan Real Estate Ins. Trust*, 87 B.R. 447, 460-61 (E.D. Mich. 1988) (holding that it is the bankruptcy judge's province to determine "core"/"noncore" status of proceedings).

## IV. Conclusion

The Court concludes that this case is sufficiently "related to" AVR-Johnstown's pending bankruptcy proceeding, therein giving the bankruptcy court subject matter jurisdiction. Thus,

AVR-Johnstown's Motion to Refer Case to Bankruptcy Court (ECF No. 84) is **GRANTED**. However, the bankruptcy court's adjudicative authority may be constrained depending on its determination of whether and which issues are "core" or "non-core."

A corresponding order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| SAMIR HADEED, MD, and | ) | Case No. 3:15-cv-22 |
| JOHNSTOWN HEART AND VASCULAR | ) | |
| CENTER, INC., | ) | JUDGE KIM R. GIBSON |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ADVANCED VASCULAR RESOURCES | ) | |
| OF JOHNSTOWN, LLC; AVR | ) | |
| MANAGEMENT, LLC; and | ) | |
| WASHINGTON VASCULAR | ) | |
| INSTITUTE, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

**NOW**, this 1st day of December, 2017, upon consideration of Advanced Vascular Resources of Johnstown, LLC's Motion to Refer Case to Bankruptcy Court (ECF No. 84) and for the reasons set forth in the Memorandum Opinion accompanying this Order, it is **HEREBY ORDERED** that Advanced Vascular Resources of Johnstown, LLC's Motion to Refer Case to Bankruptcy Court (ECF No. 84) is **GRANTED**.

BY THE COURT:

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE